UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SAGA FOREST CARRIERS           :
INTERNATIONAL A.S.,            :
                               :
           Plaintiff,          :
                               :    07 CV 10276 (CM)
    - against -                :    ECF CASE
                               :
COSCO INTERNATIONAL AIR AND    :
SEA FREIGHT, UNION GLOBAL      :
LIMITED and LETOP FORWARDING INC:
                               :
           Defendants.         :
------------------------------------------------------X

## VERIFIED SECOND AMENDED COMPLAINT

Plaintiff, SAGA FOREST CARRIERS INTERNATIONAL A.S. ("Saga"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Second Amended Complaint against the Defendant, COSCO INTERNATIONAL AIR AND SEA FREIGHT, ("COSCO"), UNION GLOBAL LIMITED ("UNION") and LETOP FORWARDING INC. ("LETOP"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Norway.

3. Upon information and belief and at all material times, Defendant COSCO was a foreign corporation or other business entity organized and existing by virtue of foreign law with a principal place of business in China.

4. Upon information and belief and at all material times, Defendant UNION was a foreign corporation or other business entity organized under foreign law with a place of business in Taiwan and is a paying agent acting on behalf of Defendant Cosco.

5. Upon information and belief and at all material times, Defendant LETOP wasa foreign corporation or other business entity organized under foreign law with a place of business in Taiwan and is a paying agent acting on behalf of Defendant Cosco.

6. Pursuant to the terms of an amended GENCON 1976 form voyage charter party, evidenced by a Fixture Note dated July 6, 2006, Plaintiff, as Owners of the M/V SAGA TUCANO ("Vessel") chartered its Vessel to the Defendant as the voyage charterer.

7. The Fixture Note stated that the Defendant would ship a full and complete cargo from the People's Republic of China to Florida and specified laycan of July 30 – August 10, 2006.

8. The Defendant failed to provide a cargo for shipment after the Vessel had arrived at the load port within the properly scheduled laytime, which caused the Plaintiff to incur losses as a result of Defendant's breach of the charter party terms.

9. As a result of said breach, Plaintiff mitigated its losses by loading other cargoes, but still suffered a loss of $550,202 in freight that it would have earned if Defendant had not breached the charter party.

10. In an effort to resolve this dispute for freight, the parties entered into a Settlement Agreement dated October 23, 2007 in the amount of $275,000, to be paid by Defendant in two installments of $135,000 due on October 31, 2007 and $140,000 to be paid on December 31, 2007.

11. The parties also agreed, as part of the Settlement Agreement, that interest would be included within the settlement installment payments at the rate of 6.48% and would accrue from September 30, 2007 until the date of payment as agreed between the parties.

12. The Settlement Agreement further stipulated that if any of the payments are not received on the specified dates, then the Settlement Agreement shall be null and void, and shall entitled the Plaintiff "to take necessary steps to obtain security for the original claim amount plus interest and costs."

13. Despite the terms and conditions of the Settlement Agreement, the Defendant has breached its obligations thereunder and failed to remit the initial payment due under the Settlement Agreement.

14. As a result, the settlement agreement is null and void and Saga is now entitled to pursue Vancouver arbitration as per the original terms of the Charter Party and as per the terms of the Settlement Agreement and claim the sum of $550,202.00, which is the full amount of damages payable to Saga as a result of COSCO's breach of the Charter Party.

15. Upon information and belief, in November, 2007, Defendant Union made two payments to the Plaintiff, on behalf of COSCO in partial satisfaction of the debt owed by COSCO to the Plaintiff. *See Swift Transfers from Nordea Bank, attached hereto as Exhibit 1. See also e-mail attached as Exhbit 2 with translation information.*

16. Upon information and belief, in November, 2007, Defendant Letop made one payment to the Plaintiff, on behalf of COSCO in partial satisfaction of the debt owed by COSCO to the Plaintiff. *See Swift Transfer from Nordea Bank, attached hereto as Exhibit 3.*

17. As a result of the payments made to the Plaintiff for the losses it has sustained as a result of COSCO's breach of charter party for the Vessel, the Plaintiff's damages now due and outstanding are in the amount of $415,202.00

18. The Charter Party and Settlement Agreement both provide that any disputes arising thereunder shall be referred to arbitration in Vancouver, BC with English law to be applied.

19. Plaintiff has or will soon commence arbitration in Vancouver, pursuant to the Charter Party terms.

20. Despite due demand, Defendants has failed to pay the amounts due to Plaintiff under the Charter Party and / or Settlement Agreement.

21. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $415,202.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $88,309.88 |
| C. | Estimated arbitrator and attorneys' fees: | $70,000.00 |

**Total**                                                                $573,511.88

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$573,511.88.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$573,511.88** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any Vancouver arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: January 22, 2008
New York, NY

The Plaintiff,
SAGA FOREST CARRIERS INTERNATIONAL, A.S.

By: _____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   City of Southport
County of Fairfield   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Second Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   January 22, 2008
         Southport, CT

_____
Claurisse Campanale Orozco